IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHEFFIE ROBINSON, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) KLARNA, INC., ) ) ) Defendant. ) | CIVIL ACTION FILE NO. _____ JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 23, Plaintiff Sheffie Robinson respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1.  Ms. Robinson is a "consumer" under 15 U.S.C. § 1681a(c).

2.  Defendant Klarna, Inc. ("Klarna") is a Delaware corporation that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Klarna can be served with process by serving its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and this Division pursuant to Local Rule 3.1B(1) and (3).

## Factual Background

5. Klarna's website states that Klarna was founded "with the aim of making it easier for people to shop online". https://www.klarna.com/us/about-us/.

6. Klarna accomplishes this by contracting with merchants to offer alternative online payment options for the customers of those merchants.

7. Klarna offers customers of those merchants the option to finance any payment owed to the merchant.

8. Customers of those merchants can elect to finance any payment owed to the merchant, subject to Klarna's sole discretion, through products offered by Klarna, or through products offered by third parties, such as debit cards, credit cards, ACH or other means of bank transfer.

9. Merchants that contract with Klarna enable their customers to pay for goods and services by integrating the "Klarna Payments" interface on the merchant's electronic checkout page.

10. Touco Direct, LLC ("Touco") is a Georgia limited liability corporation which designs and manages websites for its customers. Plaintiff Sheffie Robinson is the owner of Touco.

11. In April 2019, Touco began investigating the possibility of contracting with Klarna for the purpose of giving its customers access to the financing options offered by Klarna.

12. On May 1, 2019, Ms. Robinson completed certain portions of a Klarna "Merchant Services Agreement" (the "MSA"), which is attached as Exhibit "1".

13. Ms. Robinson completed those portions of the MSA on Touco's behalf. She also signed the MSA on Touco's behalf on May 1, 2019. Ms. Robinson did not complete any portions of the MSA in her individual capacity, nor did she sign the MSA in her individual capacity.

14. The completed portions of the MSA included the sections entitled "Basic Merchant Information", "Merchant Bank Account", and a portion identifying the selected payment options to be offered.

15. The MSA never took effect. Section 6 of the MSA provides that it "is effective as of the date the following conditions are satisfied (the 'Effective Date'): (a) Merchant has signed this Merchant Agreement; (b) Klarna's risk department has approved this Merchant Agreement; and (c) Merchant has provided all information requested by Klarna for regulatory compliance (including anti-money laundering)".

16. On May 6, 2019, a Klarna employee who identified herself as Spring Koger told Ms. Robinson that Klarna had obtained a criminal background check on Ms. Robinson and it had decided not to contract with Touco based on the results of Ms. Robinson's criminal background check.

17. The criminal background check that Klarna obtained on Ms. Robinson was a "consumer report" pursuant to 15 U.S.C. § 1681a(d).

18. Klarna did not inform Ms. Robinson that it would obtain a criminal background check on her as part of Touco's application for merchant services through Klarna.

19. Pursuant to 15 U.S.C. § 1681b(f), "a person shall not use or obtain a consumer report for any purpose unless (1) *the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section*; and (2) the purpose is certified in accordance

with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification". (Emphasis added)

20. Pursuant to this statute, a person is prohibited from using or obtaining a consumer report without a permissible purpose.

21. Klarna did not have any permissible purpose to obtain a consumer report on Ms. Robinson.

22. Klarna recklessly and willfully violated 15 U.S.C. 1681b(f) when it obtained a consumer report on Ms. Robinson, without a permissible purpose.

23. As a proximate result of Klarna's reckless and willful violations of the FCRA, including 15 U.S.C. § 1681b(f), Ms. Robinson has suffered actual damages, including without limitation, an invasion of privacy.

## Class Allegations

24. Klarna routinely and as a matter of policy and practice obtains consumer reports on individuals who apply for merchant services on behalf of corporate applicants.

25. As alleged in Paragraphs 16-17 above, Klarna obtained such a consumer report on Ms. Robinson.

26. Klarna has actual knowledge of its obligations under 15 U.S.C. § 1681b(f).

27. Klarna's policy and practice of obtaining consumer reports on individuals who apply for merchant services on behalf of corporate clients is a reckless and willful violation of 15 U.S.C. § 1681b(f).

27. <u>Class Definition</u>: Pursuant to Federal Rule of Civil Procedure 23(b)3), Ms. Robinson brings this action individually and on behalf of a class defined as follows: "All persons residing in the United States (i) upon whom Klarna obtained a criminal background check between May 1, 2014 and May 1, 2019 (ii) in connection with an application for merchant services submitted by a business entity, including but not limited to a corporate entity or a partnership" (the "Class").

28. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable.

> a. Klarna is a privately-held company which was founded in Sweden in 2005. In 2017, Klarna handled approximately $21 billion in online sales;

    b. More than 100,000 merchants use Klarna's products and services. http://www.bloomberg.com news/article/2019-02-28; and

    c. Upon information and belief and based on the size of its customer database and the geographic scope of operations, Klarna obtains and uses thousands of consumer reports, in all 50 states, on individuals in connection with applications for merchant services submitted by business entities each year.

29. <u>Commonality</u>: There are questions of law or fact common to the members of the Class, which include:

    a. Whether Klarna obtained consumer reports on members of the Class;

    b. Whether Klarna obtained permission from members of the Class to obtain consumer reports about them;

    c. Whether Klarna otherwise had a permissible purpose to obtain consumer reports on members of the Class;

    d. Whether Klarna certified a permissible purpose in accordance with 15 U.S.C. § 1681b(f)(2) when obtaining consumer reports on members of the class; and

e. If Klarna certified a permissible purpose pursuant to 15 U.S.C. § 1681b(f)(2), what that permissible purpose was.

30. <u>Typicality</u>: Ms. Robinson's claims are typical of the claims of members of the Class because Klarna's policies and procedures for using and obtaining criminal background checks in connection with applications for merchant services on such persons are standardized. Proof of Ms. Robinson's claims with respect to liability will be identical to and typical of the Class' claims. Furthermore, Ms. Robinson suffered the same injury as the members of the Class, to wit, an invasion of privacy.

31. <u>Adequacy</u>: Ms. Robinson will fairly and adequately protect the interests of the Class. Ms. Robinson has retained counsel experience in actions arising under the FCRA and class actions. Neither Ms. Robinson nor her counsel have conflicting interests that might interfere with their vigorous pursuit of this action. Ms. Robinson is aware of her responsibilities to the Class and has accepted such responsibilities.

32. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate because:

a. <u>Predominance</u>: The questions of law or fact common to the members of the Class predominate over any questions

affecting individual Class members. The common facts and legal questions alleged in paragraph 29 overwhelm any individual issues. Furthermore, any individual issues that might exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in the case.

b. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy. FCRA claims are ideal for class treatment because such claims are relatively small and are held by consumers who are unaware of their claims. Furthermore, individual litigation of the Class' claims in this case would be impractical because of the geographic dispersion of the Class members and would be a waste of judicial resources.

<u>Count 1 – Violation of 15 U.S.C. § 1681b(f) -Ms. Robinson individually and on behalf of the Class</u>

33. Klarna recklessly and willfully obtained consumer reports in the form of criminal background checks on Ms. Robinson and members of the class in violation of 15 U.S.C. § 1681b(f).

34. As a proximate result of Klarna's reckless and willful violations, Ms. Robinson and members of the class have suffered actual damages, in the form of an invasion of privacy.

35. As a proximate result of Klarna's reckless and willful violations of 15 U.S.C. § 1681b(f), Ms. Robinson and members of the class are entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

36. As a result of Klarna's reckless and willful violations of 15 U.S.C. § 1681b(f), Ms. Robinson and members of the class are entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

37. Ms. Robinson and the Class are also entitled to recover the costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Ms. Robinson respectfully prays that the Court:

1. Issue process to the Defendant;

2. Certify the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and issue notice of same to members of the Class.

3. Conduct a trial by jury of all claims asserted herein;

4.      Enter judgment in favor of Ms. Robinson and the Class as consistent with the jury's verdict; and

5.      Grant Ms. Robinson and the Class such other and further relief as it deems just and necessary.

This 28th day of June, 2019.

**MCRAE BERTSCHI & COLE LLC**  /s/ *Craig E. Bertschi*
Suite 200, 1350 Center Drive          Craig E. Bertschi
Dunwoody, Georgia 30338             Georgia Bar No. 055739
                                                       ceb@mcraebertschi.com
                                                       678.999.1102

                                                       Charles J. Cole
                                                       Georgia Bar No. 176704
                                                       cjc@mcraebertschi.com
                                                       678.999.1105

                                                       *Counsel for Plaintiff*